1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TRANSFIELD ER CAPE LIMITED
(IN LIQUIDATION),

                Plaintiff,

     v.

NORTH CHINA SHIPPING LIMITED; NORTH
CHINA SHIPPING HOLDINGS COMPANY
LIMITED, HONG KONG; GREAT PERIOD
INVESTMENTS LIMITED; MARINA
PERIDOT SHIPPING LIMITED

                Defendants.

IN ADMIRALTY

No.: 3:12-cv-06091BHS

**ORDER APPOINTING MARINE
LENDERS SERVICES, LLC, AS
SUBSTITUTE CUSTODIAN**

       Having reviewed Plaintiff's Motion for the Appointment of a Substitute Custodian and

the supporting Declarations of Jeremy B. Jones and Buck Fowler, Jr., and good cause appearing,

       NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

       1.       Plaintiff's Motion is GRANTED.

       2.       Marine Lenders Services, LLC, is appointed to act as substitute custodian of the

defendant vessel OEL CONFIDENCE, IMO Number 9628910, her engines, tackle, gear,

electronics, appurtenances, etc., (hereafter, the "Vessel") during *custodia legis* on behalf of this

Court, in place and instead of the United States Marshal, until further order of the Court.

       3.       Immediately following attachment of the Vessel, the United States Marshal for

LAW OFFICES OF
**NICOLL BLACK & FEIG PLLC**
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
(206)838-7555

this District shall transfer custody of the Vessel to substitute custodian Marine Lender Services, LLC.

4.      Marine Lenders Services, LLC, as substitute custodian, shall see to and be responsible for the safekeeping of the Vessel. The duties of the substitute custodian include, but are not limited to, ensuring that there is an adequate, safe location for the Vessel's storage. An officer or agent of the substitute custodian shall go on board the Vessel from time to time to carry out the duties of substitute custodian. No person shall be allowed to enter on the Vessel except as provided for herein or as otherwise expressly authorized by order of this Court.

5.      Upon transfer of custody of the Vessel to the substitute custodian by the United States Marshal, the Marshal shall not be liable for any loss occurring while the Vessel remains in the custody of the substitute custodian and the substitute custodian shall indemnify and hold the plaintiff and the Marshal harmless from any and all claims arising out of the substitute custodian's possession and safekeeping of the Vessel.

6.      All reasonable expenses of the United States Marshal shall be administrative expenses in this action and a first charge to the Vessel herein, to be paid to the Marshal prior to the release of the Vessel or distribution of the proceeds of its sale.

7.      All reasonable expenditures which may be incurred by the plaintiff and the substitute custodian, or by any party advancing funds to the substitute custodian, including, but not limited to, all insurance, towage, transport, and other costs of moving the Vessel to a suitable storage location, in safekeeping and maintaining the Vessel while it is in *custodia legis*, and costs of maintaining adequate insurance on the vessel while it is in *custodia legis* shall be administrative expenses in this action and a first charge on the Vessel, to be to be paid prior to the release of the Vessel or distribution of the proceeds of its sale.

8.      During *custodia legis*, Marine Lenders Services, LLC, shall maintain appropriate legal liability insurance providing a minimum coverage of Five Million Dollars (US$5,000,000), which expenses for insurance shall constitute administrative expenses herein.

ORDER APPOINTING MARINE LENDERS
SERVICES, LLC AS SUBSTITUTE CUSTODIAN – 2
(3:12-cv-06091)

9.      Upon transfer of the Vessel from the United States Marshal to Marine Lenders Services, LLC, the Vessel may be moved by safe means from its present location to adequate, safe storage at anchorage or other suitable location within the Western District of Washington. Marine Lenders Services, LLC, shall notify the office of the Marshal that the Vessel is to be moved and will notify the office of the Marshal again when the Vessel has been moved. Once the Vessel has been moved to the facilities of the substitute custodian or other suitable location, the Vessel shall remain always within the Western District of Washington.

10.      Marine Lenders Services, LLC, as substitute custodian, may if necessary offload any cargo aboard the Vessel and arrange for storage of the same at a suitable storage facility. The substitute custodian shall notify the office of the U.S. Marshal prior to engaging in any such offloading of cargo and again upon the completion of any such offloading.

11.      Marine Lenders Services, LLC, as substitute custodian, may if necessary offload any fuel and arrange for disposal of the same. The substitute custodian shall notify the office of the U.S. Marshal prior to engaging in any such offloading and again upon the completion of any such offloading.

12.      Marine Lenders Services, LLC, as substitute custodian, may, but is not required to, retain a marine engineer familiar with the Vessel and to take him or her on board the Vessel with authorized agents of Marine Lenders Services, LLC to assist in the securing of the Vessel.

13.      Marine Lenders Services, LLC, as substitute custodian, may, but is not required to, retain such services as are necessary to clean the interior and/or exterior of the Vessel, remove food products with such services to be performed under the supervision of the substitute custodian.

14.      Plaintiff shall arrange to pay charges for moorage of the vessel and the fees, costs, and legal liability insurance premiums of the substitute custodian and shall reimburse the substitute custodian for such other costs as may be incurred in conduction of the inventory of the equipment on board, in securing the Vessel, in having the Vessel cleaned, in moving the Vessel,

LAW OFFICES OF
NICOLL BLACK & FEIG PLLC
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
(206) 838-7555

and/or in offloading any cargo from the Vessel.

15.     During *custodia legis* the substitute custodian shall not permit repairs or changes to be made to the Vessel, except for routine maintenance required for the Vessel's safekeeping, or in emergency situations, without an order of this Court.

16.     During *custodia legis*, all foreign crew members may remain on board the Vessel and continue to operate and maintain all ship systems pending further order of this Court.

17.     During *custodia legis*, the substitute custodian shall permit the conduct of cargo and other operations normal to a vessel in berth unless otherwise ordered by this Court.

18.     Plaintiff's attorney shall send a copy of this Order to the owner of the Vessel at the last address known by plaintiff, and to the address shown on the record of the U.S. Coast Guard by Certified Mail, Return Receipt Requested.

DATED this 31st day of December, 2012.


_____
BENJAMIN   H.   SETTLE
United States District Judge


Presented by:


NICOLL BLACK & FEIG, PLLC


_/s/ Jeremy B. Jones_____
Christopher W. Nicoll, WSBA No. 20771
Jeremy B. Jones, WSBA No. 44138
Attorneys for Plaintiff


ORDER APPOINTING MARINE LENDERS
SERVICES, LLC AS SUBSTITUTE CUSTODIAN – 4
(3:12-cv-06091)